UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFORD PIERCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05CV610(HEA) |
| | ) | |
| 25TH JUDICIAL CIRCUIT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Clifford Pierce (registration no. 28864), an inmate at the Farmington Correctional Center (FCC), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $88.82. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing

fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $173.00, and an average monthly account balance of $444.08. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $88.82, which is 20 percent of applicant's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which

relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### The complaint

Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are the 25th Judicial Circuit for the State of Missouri; Unknown Wiggins, Judge for the 25th Judicial Circuit; Unknown Prosecutors #1 and #2; Unknown Doctor, Fulton Reception

and Diagnostic Center (FRDC);[1] Unknown Staff at FRDC; Unknown Employees at FRDC.

Plaintiff states that in 1998 he "drove away with [a] used car lot vehicle without permission" and caused $1,200 to the vehicle. Plaintiff further states that he was arrested "for not having proof of ownership" or a valid operator's license. Plaintiff received 2 years imprisonment on these charges, but execution of the sentence was suspended and plaintiff was placed on probation - conditioned on plaintiff paying $1,200 in restitution. Plaintiff failed to pay the restitution, had his probation revoked, and was sentenced to 7 years imprisonment and given 120 "shock" jail time. At the end of the 120 days, plaintiff was again released on probation, but lated violated the terms of his probation by leaving the State of Missouri without permission. Plaintiff's probation was revoked and he was incarcerated. Plaintiff seeks damages for his allegedly unlawful incarceration.

**Discussion**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's claim for damages stemming from his allegedly illegal confinement must be dismissed. Because plaintiff is attacking the validity of his confinement, he cannot maintain a § 1983 action for damages

---

[1]This defendant may actually be "DOC" which may stand for "Department of Corrections."

stemming from his confinement unless and until the state court order directing his confinement is overturned, expunged, or called into question by an appropriate proceeding (e.g., writ of habeas corpus). *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Because plaintiff's confinement has not been overturned in an appropriate action, the instant complaint should be dismissed.

Additionally, plaintiff's claims against defendants 25th Judicial Circuit; Unknown Wiggins; and Unknown Prosecutors #1 and #2 are barred by immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63 (1989) (state and state agencies enjoy sovereign immunity from § 1983 actions); *Imbler v. Pachtman*, 424 U.S. 409, 431-32 (1976)(prosecutors are absolutely immune from liability for damages under 42 U.S.C. § 1983 for actions taken in initiating criminal prosecution and presenting the state case); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)(judge is absolutely immune from a § 1983 suit for damages for actions taken in his judicial capacity).

Finally, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly

responsible for actions that injured plaintiff); *Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable to § 1983 suits). Plaintiff has failed to assert any facts indicating that defendants Unknown Doctor, Unknown Staff, and Unknown Employees wwe directly involved in or personally responsible for the action that allegedly injured plaintiff. Accordingly, plaintiff's claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $88.82 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and

memorandum.

Dated this 16th day of August, 2005.

_____
**UNITED STATES DISTRICT JUDGE**